UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT ROJAS, | § | |
|     Plaintiff, | § | |
| V. | § | C.A. NO. C-07-397 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

On September 15, 2008, final judgment was entered remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) (D.E. 16). The decision at the administrative level was fully favorable and the Commissioner awarded back benefits of $15,747.38 (D.E. 20, Attachment). On March 1, 2010, plaintiff's counsel filed a motion for an award of reasonable attorney's fees pursuant to 42 U.S.C. § 406(b) (D.E. 18). The Commissioner filed a response in opposition on March 8, 2010 (D.E. 20). Counsel was ordered to re-file his itemized billing statement, and counsel complied on April 6, 2010 (D.E. 22).[1] It is respectfully recommended that plaintiff's counsel be awarded attorney fees in the amount of $3,936.84.

## APPLICABLE LAW

The Social Security Act (SSA) provides that when a court renders a judgment favorable to a claimant who was represented by an attorney in a social security disability matter, the court

---

[1] When filing electronically, counsel erroneously designated the itemized billing as a "supplemental motion for bill of costs" (D.E. 22). The Clerk shall terminate the pleading (D.E. 22) insofar as it purports to be a separate motion.

may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. Sec. 406(b)(1).[2]   The District Court can only award fees for work performed before the court, and not for any work performed at the administrative level.  Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005);  Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990), abrogated on other grounds, Gisbrecht v. Barnhart, 585 U.S. 789, 122 S.Ct. 1817 (2002).  The Commissioner is not opposed to an award of a reasonable fee not to exceed $3,936.84, the amount withheld from past due benefits and the maximum allowed by law (D.E. 20).

## Hourly Rate

Counsel seeks SSA fees at the rate of $275 per hour for 31.3 hours, totaling $8,607.50.  Counsel made an unsworn statement in his motion that $275.00 per hour is the usual and customary fee for litigation of this type in the Corpus Christi area (D.E. 18).  Counsel for the Commissioner does not dispute this statement, and there is no evidence to the contrary before the court.

## Number of Hours Spent

Plaintiff's counsel requests payment for 31.3 total hours spent on district court related matters in this case (D.E. 18, Exh. A).  Plaintiff lists 1.0 hour to meet with the client, 2.0 hours to draft the complaint, 16.08 hours to draft the motion for summary judgment along with other

---

[2] Plaintiff does not appear to be asking for EAJA fees.  Even if he were, the application is not timely because it must be filed within ninety days of entry of final judgment.  Melkonyan v. Sullivan, 501 U.S. 89, 102, 111 S.Ct. 2157, 2165 (1991); 28 U.S.C. § 2412(d)(1)(B).

smaller increments of time to review pleadings and orders (D.E. 18, Exh. A; D.E. 22). The total numer of hours spent appears to be reasonable.

Though counsel requests his full fee, 31.3 hours x $275 per hour = $8,607.50, pursuant to law and to counsel's fee agreement with his client, his fee cannot exceed twenty-five percent of the past due benefits, or $3,936.84.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that counsel's motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) (D.E. 18) be GRANTED, and that a total fee of $3,936.84 for district court work be approved.

Respectfully submitted this 8th day of April, 2010.

_____
  B. JANICE ELLINGTON
  UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).